JS 44 (Rev. 07/16)

# CIVIL COVER SHEET

*16-cv-5626* (handwritten)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS** *Greg Bayer, John Larson* (handwritten)

**DEFENDANTS** *Michael English, Esq. Nashhashian & Associates* (handwritten)

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
*Todd Mosser, 1500 JFK Blvd, Ste. 1723 Philadelphia, PA 19102* (handwritten)

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [X] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

*Illinois - Plaintiff  Pennsylvania - Def.* (handwritten)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [X] 4 |
| Citizen of Another State | [X] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

### CONTRACT
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [X] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [X] 190 Other Contract
- [X] 195 Contract Product Liability
- [X] 196 Franchise

### TORTS
**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

### FORFEITURE/PENALTY
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

### BANKRUPTCY
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

### LABOR
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

### SOCIAL SECURITY
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

### FEDERAL TAX SUITS
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Matters
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

### REAL PROPERTY
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

### CIVIL RIGHTS
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

### IMMIGRATION
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
*28 U.S.C. 1332* (handwritten)

Brief description of cause:
*Legal Malpractice & Breach of Contract* (handwritten)

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ *$74,000,000.00* (handwritten)

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE *N/N* (handwritten)   DOCKET NUMBER *N/A* (handwritten)

DATE *10/27/16* (handwritten)

SIGNATURE OF ATTORNEY OF RECORD *(signature)*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**   **16**   **5626**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: Greg Bauer 40 E. Chicago Ave. Chicago, Illinois 60611

Address of Defendant: Michael Gigliotti, ESQ. 2000 Spring Garden St. Ste. 1F Philadelphia, PA

Place of Accident, Incident or Transaction: Philadelphia, PA
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☑

Does this case involve multidistrict litigation possibilities?   NO   Yes☐   No☐

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☑ All other Diversity Cases
   (Please specify) Legal Mal practice

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

I, Todd Mosser, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 10/27/16   Todd M. Mosser   89534
Attorney-at-Law   Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 10/27/16 _____ 87534
Attorney-at-Law   Attorney I.D.#

CIV. 609 (5/2012)



# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

|  |  | CIVIL ACTION |
|---|---|---|
| v. | : | |
| | : | NO.  **16**  5626 |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| 10/27/16 | Todd M. Masser | Plaintiffs Roger & Lisa W |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215)569-1220 | (215)864-7875 | Todd@masserlegal.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02



$400

JCJ

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

*GREG BAYER,*

40 E Chicago Ave

Chicago, Illinois 60611

*And*

*JOHN LARSON,*

430 S La Grange Rd.,

La Grange, Illinois 60525

**PLAINTIFFS**

16    5626

**CIVIL ACTION NO: 16:_____**

v.

*MICHAEL GIGLIOTTI, ESQUIRE*

2000 Spring Garden Street

Suite 1F

Philadelphia, PA 19130; and,

*KASHKASHIAN & ASSOCIATES*

10 Canal St

Bristol, PA 19007

**DEFENDANTS**

## PLAINTIFFS' CIVIL ACTION COMPLAINT

Plaintiffs, Greg Bayer and John Larson, bring this civil action against the above-named Defendants, reserving their right to subsequently amend or add to the following allegations, and in support thereof aver as follows:

1

## I.      THE PARTIES

1.   Plaintiff Greg Bayer is an adult individual who currently resides at 40 E. Chicago Avenue, Chicago, Illinois, 60611.

2.   Plaintiff John Larson is an adult individual who currently resides at 430 S. La Grange Rd., La Grange, Illinois, 60525.

3.   Defendant, Michael Gigliotti, Esquire (hereafter "Gigliotti"), is an attorney licensed to practice law in Pennsylvania.  Giggliotti's office is located at 2000 Spring Garden Street, Suite 1F Philadelphia, PA 19130.  Relevant to this cause of action, Gigliotti is admitted to practice law before the United States Bankruptcy Court for the Eastern District of Pennsylvania.

4.   Defendant Kashkashian & Associates at all times relevant hereto employed Defendant Gigliotti as a lawyer who worked for that law firm.  Thus, at all relevant times herein, Defendant Gigliotti acted as an agent, servant, and/or employee of Defendant Kashkashian & Associates.

### JURISDICTION AND VENUE

5.   The amount in controversy exceeds $75,000.00.

6.   Jurisdiction over the cause of action in this Complaint exists because the parties are diverse under the meaning of 28 U.S.C. § 1332 and because the amount in controversy exceeds $75,000.00

7.   Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendants regularly conduct business in the Eastern District of Pennsylvania and because the events giving rise to the claim raised herein occurred in the Eastern District of Pennsylvania.

## II.   FACTS

8.   Bayer and Larson initiated an adversary proceeding in the United States Bankruptcy Court for the Eastern District of Pennsylvania against Nicholas Bayer.  The suit arose in relation to debts Plaintiffs were owed from Nicholas Bayer related to the transfer and financing of shares of Saxby's Corporation from Greg Bayer and John Larsen to Nicholas Bayer. Plaintiffs sought a determination that the claims they asserted were non-dischargeable in Nicholas Bayer's bankruptcy pursuant to 11 U.S.C. §§ 532(a) (2) and (4).

9.   After a non-jury trial, the Bankruptcy Court, per the Honorable Chief Judge Eric L. Frank, ruled in favor of Debtor Nicholas Bayer, and held that the claims that Plaintiffs asserted were dischargeable.

10. The Court's ruling was issued on December 2, 2014.

3

11. Defendant Gigliotti, acting as a servant, agent, or employee of Defendant Kashkashian & Associates, represented Plaintiffs in the adversary proceeding as local counsel. His responsibilities included *inter alia*, executing all filings on behalf of Plaintiffs.

12. Prior to Judge Frank's ruling, both Plaintiffs had several conversations with Gigliotti about filing an appeal should one be necessary. Plaintiffs made clear, on no uncertain terms, that they wanted to file an appeal in the event that Judge Frank ruled against them.

13. Gigliotti emailed Judge Frank's decision to Plaintiffs on December 2, 2014. He did not advise Plaintiffs that he would not file an appeal, nor did he advise Plaintiffs of the fourteen (14) day deadline for filing an appeal.

14. After receiving Judge Frank's opinion, both Plaintiffs told Gigliotti that they wished to appeal the decision.

15. Gigliotti did not respond to Plaintiffs.

16. Plaintiffs continued to contact Gigliotti about filing an appeal, Bayer even asked what the deadline for filing the appeal was.

17. Gigliotti failed to respond to either of the Plaintiffs at any time. He did not return any text messages, phone calls, or emails.

18.  Plaintiffs, assuming that they had thirty days to appeal, sought out new counsel after the fourteen-day deadline had expired not knowing that their appeal rights had lapsed.

19.  Through new counsel, Plaintiffs filed a petition to have their rights to appeal restored *nunc pro tunc*.  After an evidentiary hearing, Judge Frank denied that petition.  Judge Frank's decision on this petition was affirmed by the United States District Court for the Eastern District of Pennsylvania on September 29, 2016.

## COUNT I

**Plaintiffs Bayer and Larson v. Defendants Gigliotti and Kashkashian & Associates**

**Legal Malpractice[1]**

20.  Plaintiffs incorporate all previous paragraphs as if more fully set forth here.

21.  Plaintiffs retained Defendants Gigliotti and Kashkashian & Associates for the purpose of providing competent legal services on their behalf in the adversary proceeding against Nicholas Bayer.

---

[1] The requisite Certificate of Merit is attached hereto as Exhibit 'A'.

22. At all times relevant hereto, Gigliotti had a duty to exercise the degree of ordinary knowledge, skill, and competence acceptable in the legal profession.

23. As detailed in this Complaint and as set forth more fully below, Gigliotti, acting as a servant, agent, or employee of Kashkashian & Associates, breached that duty to Plaintiffs Bayer and Larson in the following particulars:

   a. By failing to timely file a notice of appeal from Judge Frank's adverse December 2, 2014 judgment and Opinion;

   b. By completely failing to advise Plaintiffs Bayer and Larson of the fourteen-day deadline for filing a notice of appeal to the Eastern District of Pennsylvania;

   c. By completely abandoning Plaintiffs Bayer and Larson after emailing Judge Frank's opinion to them by refusing to return Plaintiffs' repeated phone calls, test messages, and emails; and,

   d. By failing outright to consult with lead counsel, Robert Sweeney of Chicago, about whether to file an appeal for Plaintiffs.

24. As a direct and proximate result of Defendant Giggliotti's errors and omissions, Plaintiffs lost their right to appeal Judge Frank's decision

6

to the Eastern District of Pennsylvania. But for Giggliotti's errors and omissions, Plaintiffs would not have forfeited their rights to appeal the Bankruptcy Court's adverse decision.

25. In further support of the prejudice prong, Plaintiffs aver that they can satisfy the "case within the case" issue because they would have won their appeal, as even Judge Frank acknowledged that "there is legal support for the Plaintiffs' position." *See In re Bayer*. 521 B.R. 491, 509-13 (Bankr. E.D. Pa. 2014).

26. Plaintiffs loss of their rights to file an appeal where there was acknowledged legal support for their position was not inconsequential. Rather, as recognized by a state court in Illinois, Plaintiffs estimated damages exceed $34,000,000.00.

**WHEREFORE,** Plaintiffs Greg Bayer and John Larson demand judgment in their favor and against Defendants Michael Gigliotti and Kashkashian & Associates in an amount determined by this Court to be appropriate, plus the costs of the instant suit, together with attorney's fees, punitive damages, and any other relief this Court deems just and appropriate.

## COUNT II

**Plaintiffs Greg Bayer and John Larson v. Michael Gigliotti and Kashkashian & Associates**

**Breach of Contract**

27. Plaintiffs incorporate all previous paragraphs as if more fully set forth here.

28. In consideration of Plaintiffs' payment of legal fees to Defendant Gigliotti, Defendant Gigliotti, acting as a servant, agent, or employee of Defendant Kashkashian & Associates, agreed to represent Plaintiffs in the adversary proceeding against Nicholas Bayer.

29. Defendant's conduct as described in this Complaint is in breach of the implied duty of good faith and fair dealing extant in Plaintiffs' contract for legal services.

30. Defendant Gigliotti's conduct, engaged in as a servant, agent, or employee of Kashkashian & Associates; as described in this Complaint is in breach of the implied warranty of good and workmanlike legal services and an express warranty of competence and skill by neglecting his duty of loyalty to Plaintiffs.

8

31.  As detailed in this Complaint and as set forth more fully below, Gigliotti breached that duty to Plaintiffs Bayer and Larson in the following particulars:

   a.  By failing to timely file a notice of appeal from Judge Franks' adverse December 2, 2014 judgment and Opinion;

   b.  By completely failing to advise Plaintiffs Bayer and Larson of the fourteen-day deadline for filing a notice of appeal to the Eastern District of Pennsylvania;

   c.  By completely abandoning Plaintiffs Bayer and Larson after emailing Judge Frank's opinion to them by refusing to return Plaintiffs' repeated phone calls, test messages, and emails; and,

   d.  By failing outright to consult with lead counsel, Robert Sweeney of Chicago, about whether to file an appeal for Plaintiffs.

32.  As a direct and proximate result of Defendant Giggliotti's errors and omissions, Plaintiffs lost their right to appeal Judge Frank's decision to the Eastern District of Pennsylvania.  But for Giggliotti's errors and omissions, Plaintiffs would not have forfeited their rights to appeal the Bankruptcy Court's adverse decision.

9

33. Plaintiffs loss of their rights to file an appeal where there was acknowledged legal support for their position was not inconsequential. Rather, as recognized by a state court in Illinois, Plaintiffs estimate damages exceed $34,000,000.00.

34. As a direct and proximate result of the actions taken by Defendants, Plaintiff has suffered the general and specific damages alleged in this Complaint and demands compensatory and punitive damages, an award of attorney's fees and costs, and any other equitable remedy that the Court deems reasonable and just.

**WHEREFORE,** Plaintiffs Greg Bayer and John Larson demand judgment in their favor and against Defendants Michael Gigliotti and Kashkashian & Associates in an amount deemed appropriate by this Court, plus the costs of the instant suit, together with attorney's fees, punitive damages, and any other relief this Court deems just and appropriate.

## COUNT III

## RESPONDEAT SUPERIOR/VICARIOUS LIABILITY

35. Plaintiffs incorporate all previous paragraphs as if more fully set forth here.

36. Defendant Giggliotti's errors and omissions were committed while

providing legal services in his capacity as agent, servant, and/or employee of Defendant Kashkashian & Associates, or alternatively, while Gigliotti was a member of Kashkashian & Associates.

37.  Defendant Giggliotti's errors and omissions were committed while he was providing professional services for the benefit of Kashkashian & Associates, whether directly or indirectly.

38. Defendant Kashkashian & Associates knew or should have known that Defendant Gigliotti was committing errors and omissions while Gigliotti was providing legal services for their direct or indirect financial benefit.

39. Accordingly, Defendant Kashkashian & Associates is directly liable over to Plaintiffs Bayer & Larson under the legal theory of Respondeat Superior/Vicarious Liability.

**WHEREFORE,** Plaintiffs Greg Bayer and John Larson demand judgment in their favor and against Defendant Kashkashian & Associates in an amount to be determined by the Court, plus the costs of the instant suit, together with attorney's fees, punitive damages, and any other relief this Court deems just and appropriate.

**JURY TRIAL DEMANDED**

Respectfully submitted,

**MOSSER LEGAL, PLLC**

**BY:**

Todd M. Mosser

Counsel for Plaintiffs

Attorney ID: 87534

1500 JFK Boulevard, Suite 1723

Philadelphia, PA 19102

215-567-1220

todd@mosserlegal.com

**10/27/16**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was served on Defendants via personal delivery at the addresses listed above.

Todd M. Mosser, Esquire

Date:    10/27/16

13

14

**EXHIBIT 'A'**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

*GREG BAYER,*

40 E Chicago Ave

Chicago, Illinois 60611

*And*

*JOHN LARSON,*

430 S La Grange Rd.,

La Grange, Illinois 60525

**PLAINTIFFS**

                                  **CIVIL ACTION NO: 16:_____**

v.

*MICHAEL GIGLIOTTI, ESQUIRE*

2000 Spring Garden Street

Suite 1F

Philadelphia, PA 19130; and,

*KASHKASHIAN & ASSOCIATES*

10 Canal St

Bristol, PA 19007

**DEFENDANTS**

### CERTIFICATE OF MERIT PURSUANT TO PA. R. CIV. P. 1042.3(A) AS TO DEFENDANTS MICHAEL GIGLIOTTI, ESQUIRE, INDIVIDUALLY, AND ON BEHALF OF HIS LAW FIRM, DEFENDANT KASHKASHIAN & ASSOCIATES

I, Todd M. Mosser, Esquire hereby certify that an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the legal skill or knowledge exercised or exhibited by the Defendants in their

legal practice or work, which is the subject of this Complaint in Professional Legal
Malpractice, fell below the acceptable professional standard of care and that such
conduct was a cause in bringing about the harm.

Respectfully submitted,

MOSSER LEGAL, PLLC

BY:

Todd M. Mosser
Counsel for Plaintiffs
Attorney ID: 87534
1500 JFK Boulevard, Suite 1723
Philadelphia, PA 19102
215-567-1220
todd@mosserlegal.com
**10/27/16**